McRAE, Justice,
dissenting:
There is a fundamental constitutional right to an education. Clinton Municipal Separate School District v. Byrd, 477 So.2d 237, 240 (Miss.1985). However, when one student’s actions on the school grounds or at a school function jeopardize the safety and general well-being of other students and teachers, his rights may be abridged. I therefore disagree with the majority’s conclusions about the Board’s no-credit policy when a student is suspended. Furthermore, by finding that youth court had jurisdiction to reinstate T.H., the majority emasculates the authority of the Board of Trustees and provides the youth court with greater powers than those afforded it pursuant to Miss.Code Ann. § 32-21-621 (1989).
T.H. was suspended in 1992, when he was a junior in high school. Obviously, he long since has graduated. His situation, however, reminds us that in order to maintain discipline in our schools, a school board must be allowed to adopt an attitude of zero tolerance toward drug and alcohol offenders as well as toward those students committing other felonies or serious misdemeanors, such as carrying weapons on campus. Some offenses are serious enough to mandate that a student be suspended completely from school and not placed in an alternative school. Placing the student in an alternative school merely changes the location of his disruptive or dangerous behavior and exposes a different group of students and teachers to his influence without really punishing the offender or addressing and/or treating the causes of his problematic behavior.
The youth court system is not intended to function as some kind of “supreme school board.” That is to say, a parent cannot parade his child who has been suspended from school over to the youth court and magically have him reinstated, as was done in this case. Miss.Code Ann. § 43-21-621(1989), in effect at the time T.H. was suspended, provided that the youth court could “in compliance with the laws governing education of children, order any state-supported public school in its jurisdiction after notice and hearing to enroll or reenroll any child in school ...” The compulsory school *119 attendance law, § 37-13-91, which the youth court was intended to assist in enforcing, deals only with parental failure to enroll a child in school, not absence from school because of a disciplinary suspension. Thus, while the youth court had authority to effect the enrollment or re-enrollment of a child kept out of school by recalcitrant parents, it had no jurisdiction over T.H. or the Board of Trustees and its disciplinary policies for children found in violation of school drug and alcohol rules.
The legislature did not intend for the youth courts to usurp the power of school boards in governing the reenrollment of students suspended from school is apparent in the current version of § 43-21-621. The youth court is expressly forbidden from ordering the reenrollment of a student suspended or expelled for possessing a weapon on school grounds or “for an offense involving a threat to the safety of other persons or for the commission of a violent act.” It may intervene in the reenrollment decision only when the child has been adjudicated delinquent and the return to school and achievement of passing grades is a condition of probation.
There is no evidence that T.H. had been kept out of school by his parents or that he had been adjudicated delinquent. By enjoining the Board of Trustees from taking any further disciplinary action against T.H., therefore, the youth court exceeded its legislative authority and overstepped its jurisdiction. In so doing, the youth court established itself as a supreme school board to intervene when its disagrees with the Board of Trustee’s policies or procedures.
Suspension without credit is a harsh rule. It is unfortunate that a student may be suspended during an examination period or on a day that a test is given. Some school districts compensate for this by giving a failing grade of 50-65, rather than a flat zero, to give the student an opportunity to redeem himself. However, unless the Board of Trustees has the authority to enforce any such rule, there can be no effective discipline in our school system. Accordingly, I dissent.
DAN LEE, C.J., joins this opinion.